FILED

2008 Oct-16  PM 01:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

FILED

## IN THE UNITED STATES DISTRICT COURT
2008 OCT 15  AM 11: FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| **LARRY BENTLEY, RAY BENTLEY, DELORES COLE, NELLIE C. DAMICO, SELMA DAMSKY, SAM P. FAUCETT, ROBERT HOUSTON, JEAN JEFFERY, ATLEY KITCHINGS, MICHAEL MCGRIFF, WIMBERLY MIREE, JR., GEORGE W. PORTER, JR., KAY MICKLE PORTER, GEORGIA LEIGH PORTER, LAURIE PORTER, ED SOLOMON, HOY TAYLOR, CAROL TAYLOR, JUNE TOMMIE, THE TOMMIE CORPORATION, PEGGY FRANKLIN, ALLEN FRANKLIN, WHEELER WRIGHT, JR.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) ) |
| **v.** | ) **CIVIL ACTION NO.: CV-____** ) |
| **MORGAN KEEGAN & COMPANY, INC., MORGAN KEEGAN ASSET MANAGEMENT, INC., REGIONS FINANCIAL CORPORATION, MK HOLDING, INC., AND REGIONS BANK** | ) ) ) CV-08-JEO-1909-S ) ) ) ) |
| **Defendants.** | ) ) |

## JOINT NOTICE OF REMOVAL

Defendants Morgan Keegan & Company, Inc., Morgan Asset Management,

Inc. (improperly identified in Plaintiffs' Complaint as Morgan Keegan Asset

Management, Inc.), Regions Financial Corporation, MK Holding, Inc. and Regions

1

01701996.1

Bank ("Defendants"), pursuant to 28 U.S.C. §1446, hereby file this Notice of Removal of this case from the Circuit Court of Jefferson County, Alabama, Birmingham Division, Case No. CV-2008-903126, where it is currently pending, to the United States District Court for the Northern District of Alabama. This cause is removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441, because Plaintiff has pled claims that arise under federal law, namely the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001, *et. seq.* In support of this Notice, Defendants respectfully show the Court as follows:

1.     Larry Bentley, Ray Bentley, Delores Cole, Nellie C. Cole, Selma Damsky, Sam P. Faucett, Robert Houston, Jean Jeffery, Atley Kitchings, Michael McGriff, Wimberly Miree, Jr., George W. Porter, Jr., Kay Mickle Porter, Georgia Leigh Porter, Laurie Porter, Ed Solomon, Hoy Taylor, Carol Taylor, June Tommie, The Tommie Corporation, Peggy Franklin, Allen Franklin, and Wheeler Wright, Jr. ("Plaintiffs") instituted this civil action in the Circuit Court of Jefferson County, Alabama, Birmingham Division, on September 25, 2008. Defendants Morgan Keegan Asset Management, Inc. and Regions Financial Corporation were served on September 29, 2008. A true and correct copy of all process and pleadings as served upon Defendants is attached hereto as Exhibit "A" and is incorporated herein by reference.

01701996.1

2.    This Notice of Removal has been timely filed because it was submitted within thirty (30) days after receipt by any Defendant of the initial pleading on which this action is based pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. §1446(b).

3.    The United States District Court for the Northern District of Alabama, Southern Division, is a federal judicial district embracing the Circuit Court of Jefferson County, Alabama, where this suit was originally filed.    Venue is therefore proper under 28 U.S.C. §81(b)(1) and §1441(a).

## BACKGROUND

4.    Plaintiffs Sam P. Faucett, Robert Houston, Jean Jeffery, Wimberly Miree, Edward Solomon, and Hoy Taylor are former employees of Defendant Regions Bank. Plaintiff George Porter is a former employee of Defendant Morgan Keegan & Company, Inc.    Upon information and belief, certain other named Plaintiffs may also be former employees of Defendants Regions Bank and Morgan Keegan & Company, Inc.

5.    Defendant Regions Financial Corporation is the Plan Sponsor for the Regions Bank 401(k) Plan, an ERISA-governed retirement plan for employees of Regions Bank. Defendant Morgan Keegan & Company, Inc. is the Plan Sponsor for the Morgan Keegan 401(k) Plan, an ERISA-governed retirement plan for employees of Morgan Keegan & Company, Inc.  Regions Financial Corporation

3

and Morgan Keegan & Company, Inc. offered certain investment options to their respective 401(k) plan participants and administered the plans. A true and correct copy of a Summary Plan Description for the Regions Bank 401(k) Plan is attached hereto as Exhibit "B" and a copy of a Summary Plan Description for the Morgan Keegan & Company, Inc. 401(k) Plan is attached hereto as Exhibit "C".

6.     Plaintiffs bring this action against Defendants for "various violations of the Alabama Securities Act, fraud, wantonness, negligence, and breach of contract arising from their acquisition of shares" in certain funds. Compl. at ¶ 1. Essentially, Plaintiffs allege that their investments were over-concentrated in certain funds at issue, these funds were not properly valued, and that Defendants concealed and misrepresented information about these funds. Compl. at ¶¶ 17, 20, 22. Plaintiffs also allege that Defendants failed "to disclose the extent to which the securities held in their portfolios were vulnerable to market events and the risks inherent in the holdings of the Funds." *Id.* at ¶ 22; *see also* ¶¶ 25, 26.

7.     The crux of Plaintiffs' state law claims is that Defendants fraudulently induced Plaintiffs into purchasing shares of these funds at artificially inflated prices and that, because of these misrepresentations, the value of their investments, many of which were held in 401(k) accounts, was diminished.

4

01701996.1

## FEDERAL QUESTION - ERISA

8.      This action is removable under 28 U.S.C. § 1441(b) because it could

have been filed in this Court under 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)-(f),

the jurisdictional section of ERISA.  ERISA's "complete preemption" doctrine

federalizes Plaintiffs' state law claims and makes them removable to this Court.

*See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-67 (1987); *Pilot Life Ins.*

*Co. v. Dedeaux*, 481 U.S. 41 (1987).

9.      Some of the plaintiffs who were formerly employed by Regions Bank

and Morgan Keegan & Company, Inc. invested in the funds at issue through their

401(k) accounts.  For instance, Plaintiff George Porter purchased 2000 shares in

the RMK Advantage Income Fund through his Morgan Keegan 401(k) account.  A

copy of Mr. Porter's Transaction Form which memorializes his purchase is

attached hereto as Exhibit "D".  The RMK Advantage Income Fund is listed as one

of the funds forming the basis of Plaintiffs' claims. *See* Compl. at ¶ 1.

10.     Plaintiffs' Complaint alleges that "Defendant Regions Bank acted as

trustee for certain Plaintiff(s) and made the decision to invest in the Funds on their

behalf." Compl. at ¶ 6.  Plaintiffs further allege that they "paid cash or gave other

sufficient consideration" for investing in these funds (¶ 30) and that fraud on the

part of Defendants "result[ed] in substantial losses to the Plaintiffs."  Compl. at

CLAIMS FOR RELIEF.

11.    Plaintiffs' state law claims are properly characterized as breach of fiduciary duty claims arising out of the actions taken by their employers in their capacity as trustee of their 401(k) plans. As such, Plaintiffs' state law claims fall squarely within the scope of ERISA §§ 502(a)(2) and (a)(3), which provide a recourse for plan participants who are aggrieved by an alleged violation of the terms of the plan, alleged misrepresentations about the plan (the essence of Plaintiffs' claims), and other alleged breaches of fiduciary duty. *See Lanfear v. Home Depot*, No. 07-14362, 2008 WL 2916390 (11th Cir. July 31, 2008) (recognizing that former plan participants in 401(k) plans have standing to pursue breach of fiduciary claims against their former employers and other related plan fiduciaries alleging a decrease in the value of their 401(k) account); *In re Mutual Funds Investment Litig.*, 529 F.3d 207 (4th Cir. 2008) (participants in defined contribution retirement plans controlled by ERISA have colorable claims against plan fiduciaries alleging that their individual plan accounts were diminished by fraud or fiduciary breaches even though they had taken full distribution of the vested benefits in their plan accounts). Plaintiffs' claim for rescission (*see* Prayer for Relief at p. 23) is also properly characterized as a claim for equitable relief under ERISA § 502(a)(3).

12.    Claims for fiduciary breach fall within the <u>exclusive</u> jurisdiction of federal courts. ERISA § 502(e)(1). *See Fitzgerald v. Bestway Services, Inc.*, 284

01701996.1

F. Supp. 2d 1311, 1317-18 (N.D. Ala. 2003) (holding federal court required to exercise jurisdiction under § 502(e)(1) even though plaintiff did not specify whether claim was under ERISA § 502(a)(2) or (a)(3)).  To the extent Plaintiffs seek to enforce or clarify their rights under the terms of the plans, the Court has subject matter jurisdiction over that claim as well pursuant to ERISA § 502(a)(1)(B).

13.    The district courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties.  Therefore, this action may be removed to the United States District Court for the Northern District of Alabama, pursuant to the provisions of 28 U.S.C. § 1441(a).

## FEDERAL QUESTION - FEDERAL SECURITIES LAW

14.    In the alternative, this Court can exercise federal question jurisdiction because embedded in Plaintiffs' claims are substantial issues of federal securities law.

15.    Plaintiffs' claims arise from Defendants' alleged violation of federal law regarding the calculation of the net value of the funds forming the basis of their claims, the valuation of these funds' portfolio securities, and the concentration and liquidity of securities in these funds' portfolios:

> **Under federal law**, the fair value of securities as to which market quotations are not readily available must

01701996.1

> be determined in good faith by the board of directors of an investment company. **Under SEC rulings**, "fair value" must be based on what a fund could reasonably expect to obtain for the securities upon their "current sale."
>
> Prior to the third quarter of 2007, the Funds' reported valuations of their assets which improperly assumed that highly illiquid assets could be liquidated on a current basis at the value paid by the Funds, and/or did not reasonably discount asset value based on illiquidity issues. These actions were reckless, **violated SEC directives**, and were not disclosed to investors.

Compl. at ¶¶ 19-20 (emphasis added). Plaintiffs also allege that an Advisory Agreement between certain Defendants violates federal law, namely the 1940 Act. *Id.* at ¶ 42.

16.    Federal question jurisdiction lies over claims arising under state law that "turn on substantial questions of federal law." *Grable v. Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005) (determining federal question jurisdiction existed where resolution of claims arising under state law depended on interpretation of disputed federal statute); *see also Adventure Outdoors, Inc. v. Bloomberg*, 519 F. Supp. 2d 1258, 1264-65 (N.D. Ga. 2007); *McMahon v. Presidential Airways, Inc., et al.*, 410 F. Supp. 2d 1189, 1201-02 (M.D. Fla. 2006).

17.    The issues of valuation and liquidity essential to Plaintiffs' Complaint are highly regulated by and will turn on questions of federal law. The pricing of

shares of the open-end investment companies, and the valuation of these funds' portfolios are regulated by the SEC as authorized by section 2(a)(41) of the Investment Company Act, 15 U.S.C. § 80a-2(41). Rules promulgated by the SEC that govern pricing include SEC Rule 270.2a-4 (method of calculation of net asset value) and SEC Rule 270.22c-1 (pricing of redeemable securities).[1] Concentration of securities is regulated by Section 13 of the Investment Company Act. Similarly, the liquidity of the securities held by these funds is a matter of significant federal interest and is a subject addressed by federal law, including, among other things, the SEC Rules. *See, e.g.*, SEC Rule 144A, codified at 17 C.F.R. § 230.144A. Establishing improper valuation and illiquidity will require proving a violation of the SEC Rules by Defendants. *Cf. Gobble v. Hellman*, No. 02-76, 2002 U.S. LEXIS 26833, at *9-11 (N.D. Ohio Mar. 26, 2002) (holding that because "several counts of [p]laintiff's breach of fiduciary duty claims depend upon whether [d]efendants violated their duties under the Federal Exchange Act and SEC rules and regulations ... the resolution of [the] claims requires construction and adjudication of substantial questions of federal law"); *D'Alessio v. New York Stock Exchange, Inc.*, 258 F.3d 93, 101-102 (2d Cir. 2001) (noting that the plaintiff's "suit [was] rooted in violations of federal law, which favors a finding that federal question jurisdiction exists" and holding that a substantial federal question exists

---

[1] These rules are codified at 17 C.F.R. §§ 270.2a-4 & 270.22c-1.

where "resolution of [the plaintiff's] claims requires a court to construe federal securities laws and evaluate the scope of the [defendant's] duties.")

18.    Because the issues of federal law implicated by Plaintiffs' Complaint, as described above, are so substantial, this case presents no danger of interference with the balance of federal and state judicial responsibilities.

19.    Accordingly, this Court has jurisdiction over all of Plaintiff's claims pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States in that federal law is central to all of Plaintiffs' allegations.

## SUPPLEMENTAL JURISDICTION

20.    If any of Plaintiffs' claims state a federal question, this Court may exercise supplemental jurisdiction as to any remaining state law claims.  28 U.S.C. § 1367("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

21.    To the extent any of Plaintiffs' claims survive ERISA preemption or are determined not to turn on questions of federal securities law, those state law claims are clearly part of the same case or controversy as the ERISA claim(s) and

10

federal securities claims.   Therefore, this Court has jurisdiction over all of Plaintiffs' claims.

22.   All Defendants join in this removal.

23.   A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Jefferson County, Alabama, as provided by law, and written notice is being sent to Plaintiffs' counsel.

24.   Defendants have not sought similar relief.

25.   The prerequisites for removal under 28 U.S.C. §1441 have been met.

26.   The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Northern District of Alabama, and this cause is removable to the United States District Court for the Northern District of Alabama.

27.   If any question arises as to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief, oral argument, and evidence in support of its position that this cause is removable. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

**WHEREFORE, PREMISES CONSIDERED,** Defendants Morgan Keegan & Company, Inc., Morgan Asset Management, Inc. (improperly identified in Plaintiffs' Complaint as Morgan Keegan Asset Management, Inc.), Regions Financial Corporation, MK Holding, Inc., and Regions Bank by and through their

11

counsel, desiring to remove this civil action to the United States District Court for the Northern District of Alabama, Southern Division, being the district and division for the county in which such civil action is pending, pray that the filing of this Petition for and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for and Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Alabama, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted this 15th day of October, 2008.

Respectfully submitted by,

/s/ Grace R. Murphy

Peter S. Fruin
John David Collins
Grace R. Murphy
Counsel for Defendants

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203-2618
Telephone: 205.254.1000
Fax: 205.254.1999

01701996.1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed person by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the ⎯1⎯5ᵗʰ⎯ day of October, 2008:

James L. North
J. Timothy Francis
James L. North & Associates
300 North Richard Arrington, Jr. Blvd.
Title Building, Suite 700
Birmingham, AL 35203

Grace R. Murphy
OF COUNSEL

13